

FILED

05 JUN -8 PM 12:52

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## RENO, NEVADA

| | |
|---|---|
| DAVID and INGRID BURGESS, husband and wife, and SHERWIN M. FELLEN, an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>L. LANCE GILMAN; CASH ADMINISTRATION SERVICES, LLC, CASH MANAGEMENT SERVICES. LLC, CASH PROCESSING SERVICES, LLC, and CASH ASSET MANAGEMENT SERVICES, LLC,<br><br>Defendant(s). | CV-N-03-0707-DWH-RAM<br><br>MINUTES OF THE COURT<br><br>DATED: June 8, 2005 |

PRESENT: <u>HONORABLE ROBERT A. McQUAID, JR.</u>, U.S. MAGISTRATE JUDGE

Deputy Clerk: <u>Gina Mugnaini</u>          Recorder: <u>FTR 9:00a.m. - 9:35:22 a.m.</u>

Counsel for Plaintiff(s): <u>Lara Pearson (telephonically)</u>

Counsel for Defendant(s): <u>Kristan Jahn (telephonically)</u>

PROCEEDINGS:   HEARING ON PLAINTIFF'S MOTIONS FOR CONTEMPT (#134) AND FOR SANCTIONS (#139)

9:00 a.m.: Court convenes.

Counsel present their arguments to the Court regarding the Motion for Contempt (# 134). It is determined that with regard to the web site telephone advertisements, which were unsolicited, Ms. Pearson will provide said entities telephone numbers to Ms. Jahn, who will then provide those telephone numbers to Mr. Gilman. Mr. Gilman will contact those entities and have the ads removed.

162

MINUTES OF THE COURT
CV-N-03-0707-DWH-RAM
June 8, 2005
Page Two

    With regard to the telephone number that has not been disconnected, there is no direct evidence, either in the written briefs or presented at this hearing, that calls to that number are being directed to another brothel. In fact, Mr. Gilman has declared (#142) that that number is now used in connection with his real estate business and has nothing to do with any brothel.

    With regard to the signage, it is determined that covering just the one word "Mustang" is not sufficient or in compliance with the Court's order. The defendants will cover-up both "Mustang" and "Ranch" on the sign within five (5) days.

    Counsel for plaintiff inquires as to the use of the name "Mustang Ranch" for purposes of advertizing a brothel museum. The Court determines that a museum is not within the scope of the Court's order and that the name is not improperly used.

    The matters contained in the Motion for Contempt (#134) having been resolved, the motion is <u>DENIED</u> as moot.

    The Motion for Sanctions (#139) having been considered, the Court determines that the facts and circumstances presented therein were not that egregious and the motion is <u>DENIED</u>.

    The record reflects the entire ruling of the Court.

**IT IS SO ORDERED.**

9:35:22 a.m.: Court adjourns.

                                              LANCE S. WILSON, CLERK

                                              By: _____
                                                        Deputy Clerk